***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted June 28, affirmed July 19, 2023

Rebecca COCHELL,
*Petitioner,*

*v.*

DEPARTMENT OF HUMAN SERVICES,
*Respondent.*

Office of Administrative Hearings
DD200084; A178288

Daemie M. Kim and DMKim Law, LLC, filed the briefs for petitioner.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Egan, Presiding Judge, and Lagesen, Chief Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner, a personal support worker for A, who is an adult with developmental disabilities, seeks judicial review of an amended final order issued by the Department of Human Services (DHS) that determined that she abused A by wrongful restraint under ORS 430.735(1)(i).[1] Petitioner raises one assignment of error, in which she contends that the order is not supported by substantial evidence in the record. We affirm.

We will set aside or remand an agency's order if "the order is not supported by substantial evidence in the record. Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c). "We do not reweigh the evidence or examine the record to determine whether evidence supports a view of the facts different from those found by the agency" and "an agency's findings of fact are binding on us unless those findings are not supported by substantial evidence in the record." *Green Thumb Landscape and Maintenance v. BOLI*, 304 Or App 349, 350-51, 467 P3d 43, *rev den*, 366 Or 826 (2020) (internal quotation marks omitted).

On review, petitioner does not dispute that, with the assistance of one of A's coworkers at Burger King, she carried A from the area outside of the kitchen's emergency exit to petitioner's truck after A became unresponsive while working and would not move.[2] Rather, petitioner contends that substantial evidence does not exist on the record to support DHS's finding that A was wrongfully restrained as opposed to placed in an emergency physical restraint. Petitioner asserts, first, that she did not restrain A—that A "leaned back onto petitioner willingly and was free to

---

[1] ORS 430.735(1)(i) defines one category of "abuse" as "[a] wrongful use of a physical or chemical restraint upon an adult, excluding * * * any treatment activities that are consistent with an approved treatment plan or in connection with a court order."

[2] Petitioner also physically moved A from the area in front of a beeping oven where bacon was cooking to the outside via the kitchen's emergency exit door. DHS did not allege that that restraint of A was wrongful. It is the second restraint of A that is at issue.

move at all times if she wanted to move."[3] Second, petitioner argues that if it was reasonable for the agency to conclude that there was a restraint, then the preponderance of evidence indicates that any such restraint was an emergency physical restraint and, therefore, not "wrongful."[4] In response, DHS asserts that petitioner did not preserve the argument she makes on review that her actions did not constitute a restraint, and that, in any event, substantial evidence supports DHS's findings that petitioner engaged in a "restraint," and that the restraint was "wrongful."

Having reviewed the record in light of our standard of review, we agree with DHS that petitioner's argument fails on the merits and that the order was supported by substantial evidence. Assuming without deciding that petitioner preserved her argument that her actions did not constitute a restraint, we conclude that the record contains evidence that would permit a reasonable person to find that petitioner's actions constituted a restraint, and that the restraint was "wrongful," in that it was not an emergency restraint to prevent immediate injury. In particular, petitioner testified that she lifted A from behind with her arms under A's armpits and leaned her back so her feet were off the ground, which resulted in A kicking. A's coworker, who helped carry A, described petitioner's hold on A as a "bear hug sort of gesture" and that "she locked down her—both of her arms so that she could not move her—so that she could not move her arms, and she asked me to hold her legs and she picked them up and to transport her to the truck." That evidence entitled DHS to find that petitioner restricted A's freedom of movement. OAR 411-020-0002(39)(a).

As for petitioner's claim that she restrained A to avoid an emergency, under OAR 407-045-0260(28), a restraint is not "wrongful," as pertinent here, if it is done

---

[3] OAR 411-020-0002(39)(a) states, in part, "[p]hysical restraints are any manual method ***, which restricts freedom of movement or normal access of the individual to the individual's body. Any manual method includes physically restraining someone by manually holding someone in place."

[4] OAR 407-045-0260(28) states, "'Wrongful restraint' does not include physical emergency restraint to prevent immediate injury to an adult who is in danger of physically harming himself or herself or others, provided only that the degree of force reasonably necessary for protection is used for the least amount of time necessary."

"to prevent immediate injury to an adult who is in danger of physically harming himself or herself or others." Petitioner testified that she was concerned about A blocking the emergency exit; however, her testimony indicated that there was no present, immediate risk of harm to A or to anyone else. Petitioner's testimony indicated that her concern related to a potential *future* emergency: "if there was a problem" such as a fire in the kitchen, "a fire could have started," and "[a]nything blocking a passage and exits are extremely dangerous, so it could have endangered people in the restaurant." Petitioner also argues on review that A "was at increased risk around traffic, the Burger King had a busy drive-thru, and they were close to the highway." However, her testimony at the hearing was that A was not a "runner"—that she "has never been a runner ever" and that A was "just standing there like a statue not moving and not talking." That evidence permits a finding that the restraint here was not an emergency restraint under the rule. The order concluding that petitioner abused A by wrongful restraint is supported by substantial evidence.

Affirmed.